■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SALVATORE D'AMICO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered January 29, 1971, convicting him of possession of gambling records in the second degree, in violation of section 225.15 of the Penal Law, and sentencing him to three years on probation. Case remanded to the Criminal Term for a hearing and determination on the issue of whether defendant's conversation was in fact intercepted and unlawfully used to obtain a search warrant of certain premises at which evidence was found incriminating him; and appeal held in abeyance in the interim. Pursuant to an eavesdropping warrant issued under section 815 of the Code of Criminal Procedure the police tapped the telephone bearing the number 981–1539 located at 170 North Burgher Avenue on Staten Island. The warrant authorized the interception and recording of all telephone communications for the purpose of obtaining evidence against S. De Rosa and Thomas Parisi relating to gambling operations allegedly being conducted over the aforesaid telephone. After a few days of intercepting telephone calls, the police applied for a warrant to search the premises at 183 Du Bois Avenue, also on Staten Island. This application was based on an affidavit of a police officer who averred that information obtained through the aforesaid interception revealed a continuing operation of wagering between a person who identified himself as "Nunzie" and others using the telephone 981–1539 (located at 170 North Burgher Avenue) and a person identified as "Eddy" and others using the telephone 273–9673 (located at 183 Du Bois Avenue). The search warrant was issued with respect to the premises at 183 Du Bois Avenue, which at the time were leased to one Jean Huminiski. When these premises were searched defendant was found in possession of gambling records. He was accordingly arrested and thereafter indicted for possession of gambling records in the first degree. Defendant moved under section 813-l of the Code of Criminal Procedure to suppress the People's use of the evidence obtained against him as a result of the search on the ground that the search warrant had been obtained by using conversations to which he was party, in

violation of his constitutional rights against unreasonable search and seizures. His argument was essentially that the police may not utilize intercepted conversations against persons other than those named in the eavesdropping warrant and that he was not named in the warrant; and that the warrant never was amended to include the contents of his conversations. Subdivision 4 of section 825 of the Code of Criminal Procedure provides: " When a law enforcement officer, while engaged in intercepting communications in the manner authorized by this title, intercepts a communication which was not otherwise sought and which constitutes evidence of any crime * * * the contents of such communications, and evidence derived therefrom, may be disclosed or used [in an affirmation in any criminal proceeding] * * * *when a justice amends the eavesdropping warrant to include such contents* " (emphasis supplied). The People however denied that defendant was a party to the conversations which they intercepted and upon which the search warrant was obtained. Furthermore, the Justice at the suppression hearing stated that he had listened to the intercepted and recorded conversations and that defendant's name was not mentioned in the recordings. Defendant, on the other hand, pointed to the fact that he was notified pursuant to section 822 of the Code of Criminal Procedure as compelling evidence that his conversations were in fact overheard. Parenthetically, we note that such notice however did not recite that defendant's conversations were in fact overheard, but only that all communications transmitted to the telephone bearing number 981-1539 were overheard. In our opinion the threshhold question is one of standing. If defendant is unable to establish that his conversation was in fact intercepted then he lacks standing to object to the use of the information obtained through the eavesdropping (*Alderman* v. *United States,* 394 U. S. 165). If, on the other hand, he can show that his conversations were in fact intercepted and that such conversations were in part the basis upon which the search warrant was granted, the incriminating evidence obtained as a result of search could be suppressed, since subdivision 4 of section 825 of the Code of Criminal Procedure had not been complied with. Under the circumstances we feel that defendant is entitled to have the recorded intercepted conversations turned over to him in order to afford him an adequate opportunity of satisfying his burden as heretofore noted. The *in camera* examination by the Justice at the suppression hearing was inadequate (*Alderman* v. *United States, supra*). It is quite possible that notwithstanding the fact that defendant's name was not mentioned in the intercepted and recorded conversations, he might still be able to show that he was in fact one of the parties to the intercepted conversations. Munder, Acting P. J., Martuscello, Latham, Shapiro and Christ, JJ., concur.